IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DWAYNE WILSON,                          )        CASE NO.  1:17CV02500
                                        )
                    Petitioner,         )
                                        )        JUDGE JACK ZOUHARY
          v.                            )
                                        )        MAGISTRATE JUDGE
JOHN COLEMAN,                           )        JONATHAN D. GREENBERG
Warden                                  )
                                        )        **REPORT & RECOMMENDATION**
                    Respondent.         )

     This matter is before the magistrate judge pursuant to Local Rule 72.2.  Before the Court is the Petition of Dwayne Wilson ("Wilson" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Wilson is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the Cuyahoga County case *State v. Wilson*, CR-14-590113-A.  For the following reasons, the undersigned recommends the Petition be DISMISSED.

## I.  Summary of Facts

     In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695

F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The

state appellate court summarized the facts underlying Wilson's conviction as follows:

> {¶ 2} The Cuyahoga County Grand Jury returned a 14–count indictment charging Wilson with: (1)-(2) rape, R.C. 2907.02(A)(2), (3) kidnapping, R.C. 2905.01(A)(4), (4)-(5) rape, R.C. 2907.02(A)(2), (6) kidnapping, R.C. 2905.01(A)(4), (7)-(8) rape, R.C. 2907.02(A)(2), (9) kidnapping, R.C. 2905.01(A)(4), (10) rape, R.C. 2907.02(A)(2), (11) kidnapping, R.C. 2905.01(A)(4), (12)-(13) rape 2907.02(A)(2), and (14) kidnapping, R.C. 2905.01(A)(4).

> {¶ 3} Am.Sub.S.B. No. 2 ("S.B. 2"), 146 Ohio Laws, part IV, 7136, became effective on July 1, 1996, and H.B. 86 became effective on September 30, 2011. Counts 1 through 9 alleged offenses occurring before S.B. 2 became effective, and Counts 10 through 14 alleged offenses occurring after S.B. 2 became effective.

> {¶ 4} The state dismissed Counts 7, 8, and 9 before trial. The matter proceeded to a jury trial on the remaining 11 counts. At the close of trial, the jury found Wilson guilty of rape as charged in Counts 1, 2, 4, 5, 10, 12, and 13. Furthermore, the jury found Wilson guilty of kidnapping as charged in Counts 3, 6, 11, and 14. Regarding Counts 10, 11, 12, 13, and 14, the trial court found Wilson to be a sexual predator pursuant to H.B. 180.

> {¶ 5} At sentencing, the trial court imposed a definite prison term of ten years on Counts 1 through 6, and imposed a prison term of life with parole eligibility at ten years on Counts 10 through 14. The trial court ordered Wilson to serve all counts consecutively, for an aggregate prison term of 110 years to life. The trial court credited Wilson with 166 days of time served.

*State v. Wilson*, 51 N.E.3d 676, 679 (Ohio 8th App. Dist. Apr. 28, 2016).

## II. Procedural History

### A.     Trial Court Proceedings

On October 9, 2014, a Cuyahoga County Grand Jury indicated Wilson with (1) nine

counts of rape in violation of Ohio Rev. Code ("O.R.C.") §2907.02(A)(2) (Counts One, Two,

Four, Five, Seven, Eight, Ten, Twelve, Thirteen) and (2) five counts of kidnapping in violation

of ORC §2905.01(A)(4) (Counts Three, Six, Nine, Eleven, Fourteen).  (Doc. No. 7-1, Exh. 1.)

2

Wilson entered pleas of not guilty to all charges.  (Doc. No. 7-1, Exh. 2.)  Prior to trial, Counts

Seven, Eight, and Nine were dismissed without prejudice.  (Doc. No. 7-1, Exh. 5.)

On February 7, 2015, Wilson, through counsel, filed Motion to Sever Counts for Trial.

(Doc. No. 7-1, Exh. 3.)  The State filed a Brief in Opposition.  (Doc. No. 7-1, Exh. 4.)  The state

trial court denied this motion.  (Doc. No. 8 at Tr.16.)

The case proceeded to jury trial on February 11, 2015.  (*Id.* at Tr. 4.)  Pursuant to Ohio

Crim. R. 29, Wilson moved for an acquittal at the close of the State's case, which the trial court

denied.  (*Id.* at Tr. 910-911.)  Wilson renewed his Ohio Crim. R. 29 Motion after the defense

rested and the state trial court again denied the motion.  (*Id.* at Tr. 919.)  On February 19, 2015,

the jury returned its verdict, finding Wilson guilty of all remaining charges (Counts One, Two,

Three, Four, Five, Six, Ten, Eleven, Twelve, Thirteen, Fourteen).  (Doc. No. 7-1, Exh. 5.)

On April 1, 2015, the state trial court held a sentencing hearing.  The trial court sentenced

Wilson to ten years each for Counts One, Two, Three, Four, Five, and Six and to life with parole

eligibility after 10 years each for Counts Ten, Eleven, Twelve, Thirteen, and Fourteen.  (Doc. No.

7-1 Exh. 7.)  The trial ordered for the sentences to be served consecutively, for an aggregate

sentence of 110 years.  (*Id.*)  The trial court also found Wilson was a sexual predator pursuant to

H.B. 180.  (*Id.*)

**B.      Direct Appeal**

On April 17, 2015, the State filed a notice of appeal to the state appellate court.  (Doc.

No. 7-1, Exh. 8.)  The State raised the following assignment of error:

> I.      Because Defendant-Appellee committed his offenses prior to July 1,
> 1996, the trial court erred when it sentenced Defendant-Appellee
> under sentencing provisions effective July 1, 1996 and H.B. 86
> provisions effective September 30, 2011.

3

(Doc. No. 7-1, Exh. 12.)

On June 17, 2015, Wilson, through counsel, filed a Motion for Delayed Appeal with the state appellate court.  (Doc. No. 7-1, Exh. 10.)  The state appellate court granted this Motion.  (Doc. No. 7-1, Exh. 11.)  That same date, Wilson filed an Amended Notice of Appeal/Cross Appeal with the state appellate court.  (Doc. No. 7-1, Exh. 9.)  In his appellate brief, Wilson raised the following assignments of error:

I.  The trail court erred in imposing a sentence under the statutory sentencing scheme in effect at the time of the offense in 1993.

II.  The trial court erred by denying Appellee Cross-Appellant's Motion to Sever Trial of Offense the Offenses Charged.

III.  The trial court erred by not dismissing cross-appellant's Motion to Dismiss his Indictment for Pre-Indictment Delay.

(Doc. No. 7-1, Exh. 13.)  The State filed a brief in response.  (Doc. No. 7-1, Exh. 14.)  On April 28, 2016, the state appellate court affirmed Wilson' convictions.  (Doc. No. 7-1, Exh. 15.)

On June 13, 2016, the State filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 7-1, Exh. 16.)  The State raised the following Proposition of Law:

A defendant who commits an offense prior to July 1, 1996 is subject to law in effect at the time of the offense and not subject to sentencing provisions of H.B. 86 effective September 30, 2011.

(Doc. No. 7-1, Exh. 17.)

On July 25, 2015, Wilson, proceeding *pro se*, filed a Motion for Leave to File a Delayed Appeal and a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 7-1, Exh. 18, 19.)  Within his Motion for Leave, Wilson explained he had filed a Notice of Appeal within the forty-five day time "limit, but [he] received [his] date stamped original and copy back with a letter from one of the Deputy Clerks stating that [he] did not include an notarized affidavit og[sic]

4

indigency." (Doc. No. 7-1, Exh. 19.)  Wilson raised the following Propositions of Law:

> I.    The trial court erred by denying Appellant's Motion to Sever Trial(s) of the offense(s) charged.  And the Eighth District Court of Appeals erred in siding with the trial court.

> II    The trial court erred by not dismissing Appellant's Motion to Dismiss his indictment for pre-indictment delay.

(*Id.*)  The State did not file a response.

On September 14, 2016, the Supreme Court of Ohio denied Wilson's Motion for Leave to File a Delayed Appeal.  (Doc. No. 7-1, Exh. 20.)  On November 23, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the State's appeal pursuant to S.Ct. Prac.R. 7.08(B)(4).  (Doc. No. 7-1, Exh. 21.)

**C.    Post-Conviction Filings**

On August 20, 2015, Wilson filed a *pro se* Petition to Vacate or Set Aside Judgment of Conviction or Sentence with the state trial court.  (Doc. No. 7-1, Exh. 22.)  This Petition raised the following arguments:

> I.    Defendant was denied his right to a Constitutional Right Sixth Admenment[sic] a fast and speedy trail because he was not brought before this court after 180 day(s)

> II.   Defendant was denied Constitutional Right to Fifth and Fourteenth Amendment to Due Process, Submitted 2941.40 in a timely fashion.

> III.  Defendant was denied constitutional right(s) to the Fifth and Fourteenth, and the Eighth Amendment(s).  DUE PROCESS; CRUEL AND UNUSUAL PUNISHMENT.
> Petitioner was declared to be a sexual predator by determination of the Cuyahoga County Psychologist, and Court(s) and sentenced under the Ohio State Statute(s) accordingly.  At no time has the Cuyahoga County Court(s) allowed the petitioner the opportunity to be examined by any independent psychologist/psychiatrist.  Sexual disorder(s) fall under the realm of Mental Health.  By not allowing this petitioner access to either his own independent evaluation, and or

5

> treatment(s) in lieu of conviction, as with similar mental health issue(s), drug(s) and alcohol, anger management, etc., this petitioner has been in fact discriminated against.

(*Id*.)  The state trial court denied this Petition on September 1, 2015.  (Doc. No. 7-1, Exh. 23.)

On October 30, 2015, Wilson, proceeding *pro se*, filed a "Motion for Delayed Appeal with Mitigating Circumstances" and "Motion to Provide Defendant Proper Notice."  (Doc. No. 7-1, Exh. 31.)  The state trial court denied both Motions as moot on November 16, 2015.  (*Id*.)

On February 28, 2017, Wilson filed another *pro se* Petition to Vacate or Set Aside Judgment of Conviction or Sentence with the state trial court.  (Doc. No. 7-1, Exh. 24.)  This Petition raised the following arguments:

I. Petitioner/Def. Was denied due process and protection from double jeopardy under: United States Constitution Fifth (5) Amendment, and Ohio Constitution Article I, Section Ten (10), as well as Ohio Revised Code 2943.09.

II. Petitioner/Def. Was denied due process via compulsory process, and suffered cruel and unusual punishment under: United States Constitution Sixth (6) Amendment, Eighth (8) Amendment, Fourteenth (14) Amendment, Section One (1); Ohio Constitution Article I, Section(s) Nine (9) and Ten (10); American(s) with Disabilities Act; Ohio Revised Code 2945.371 (A)(B)(D)(E)(F)(G)(1)(2)(4).

III. Petitioner/Def. was denied due process, suffered discrimination, as well as cruel and unusual punishment under:
United States Constitution Fifth (5) Amendment
Eighth (8) Amendment
Ninth (9) Amendment
Fourteenth (14) Amendment
Ohio Constitution Article I, Section(s) Nine (9)and Ten (10)

(*Id*.)  On June 16, 2017, the State filed a brief in opposition to Wilson's Motion.  (Doc. No. 7-1, Exh. 26.)  The state trial court denied Wilson's Motion on June 21, 2017.  (Doc. No. 7-1, Exh. 27.)

6

Also on February 28, 2017, Wilson filed a *pro se* "Motion to Provide Findings of Fact(s) Conclusion(s) of Law Pursuant to O.R.C. 2953.21(C)(G)."  (Doc. No. 7-1, Exh. 25.)  Within this Motion, Wilson argued the state trial court's September 1, 2015 journal entry denying his first Petition to Vacate or Set Aside Conviction did not contain any findings of fact or conclusions of law.  (*Id*.)  The state trial court denied Wilson's Motion on June 21, 2017.  (Doc. No. 7-1, Exh. 28.)

**D.**     **State Habeas Corpus Petition**

On November 17, 2017, Wilson filed a *pro se* Petition for State Writ of Habeas Corpus in the Lucas County Court of Common Pleas.  (Doc. No. 7-1, Exh. 29.)  Wilson's Petition raised the following arguments:

1.     Petitioner, Dwayne Wilson, makes application for a Writ of Habeas Corpus to seek an hearing due to his unlawful/illegal incarceration at the Toledo Correctional Institution, by one Coleman, Warden, and employee of the State of Ohio, Department of Rehabilitation and Corrections, situated at 8001 East Central Ave., Toledo-Ohio 43608 in Lucas County which is the jurisdiction of this Honorable Court.

2.     In accordance with Ohio Revised Code 2725.06, the petitioner states: The Cuyahoga County Prosecutor's Office, nor the Cuyahoga County Court of Common Pleas, nor the Cuyahoga County Sheriff's Office, nor the Cleveland-Ohio City Police Department, individually, nor in concerted action had any legal or lawful jurisdiction of the subject matter over any C.P.D. incident report(s), complaint(s), information(s), indictment(s) submitted, charged and convicted, in whole or in part(s), with case no. CR-14-509113-A as of December 31st 2006.  "Any and all information(s), complaint(s), or indictment(s) which had been, or were pending, resulting in charge(s) against him in Cuyahoga County's jurisdiction" were rendered void pursuant to Ohio Revised Code 2941.401.  Request by a prisoner for trial on pending charge(s), Notice of Availability which was mailed out to: A. The Cuyahoga County Clerk of Court at 1200 Ontario Street, Cleveland-Ohio 44113, as well as B. The Cuyahoga County Prosecutor's Office at 1200 Ontario Street, Cleveland-Ohio 44113. On or about the 23rd day of June 2006, petitioner filed his paperwork

7

with the then Warden of the Belmont Cor. Inst., located at 68518
Bannock Road, State Route 331, St. Clairsville-Ohio 43950, "Notice
of Availability, complete with Certificate of Service, Notarized" and
file stamped June 29th, 2006.

On numerous occasions petitioner has been arrested, charged, no
billed, indicted, indictment was dismissed by Cuyahoga County
Judge Carolyn B. Friedland on January 25th, 2006.  As previously
stated Notice of Availability was in fact filed and received.  On
October of 2014, petitioner was again picked up by the Cuyahoga
County Sheriff's from Grafton Corr. Inst. And taken to the Cuyahoga
County Jail.  Unbeknown to the petitioner he had once again been
indicted by the Cuyahoga County Prosecutor's Office based on the
same incident report(s), complaint(s), information(s), charge(s)
steming[sic] from allegation(s) from 1994, 1995, 1996 and 1997.  It is
with this old incident report, complain, information, indictment and
pending charge(s) that was dismissed in January 2006, and was the
subject of the Notice of Availability, as well as the Request by a
prisoner for trial on pending charge(s) that was incorporated into the
case no. CR-14-509113-A.

3.  The order(s) of the trial court, Cuyahoga County Court of Common
    Pleas, Nancy R. McDonnell, are attached as required.

4.  Petitioner does not have an adequate remedy at law.

5.  Petitioner is hereby requesting an immediate hearing into, and on,
    these issue(s) more fully explained in the attached complaint.

(*Id.*)  The State filed a Motion to Dismiss this Petition on January 24, 2018. (Doc. No. 7-1, Exh.

30.)  On May 24, 2018, the Lucas County Court of Common Pleas granted the State's Motion to

Dismiss and dismissed Wilson's Petition.  (Lucas County Case No. G-4801-CI-201705213-000,

Docket Entry dated May 24, 2018.).

**E.     Federal Habeas Petition**

On November 20, 2017,[1] Wilson filed a Petition for Writ of Habeas Corpus in this Court

---

[1]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner
delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the

and asserted the following grounds for relief:

**GROUND ONE**: Violation of due process, Speedy Trial

> **Supporting Facts**: Def. – Appl. – Petitioner did in fact file numerous Notice of Availabilities, as well as filing numerous Request by a prisoner for trial on pending charge(s).

**GROUND TWO**: Violation of due process, Double Jeopardy

> **Supporting Facts**: Def. – Appel. – Petitioner was in front of Judge C. Friedland, and charge(s) were dismissed, without prejudice.  Def.– Pet. Filed notice, was not taken to trial.  This was 2006.  In 2014, Def. - Pet. was arrested and tried for the exact same information, complaint, or untried indictment.  Def. – Appel. – Petitioner had also been No Billed by Cuyahoga County Grand Jury on Feb., 1996, on exact same information, complaint, pending charge(s).

**GROUND THREE:** Violation of due process, compulsory process:

> **Supporting Facts:** Cuyahoga County Prosecutor told jury that witness did not remember Def. – Appel.– Petitioner because she was beaten and had a nervous breakdown.  Was not able to subpoena expert witness to verify claim.  I myself am on the veterans caseload, I was not allowed to subpoena witness(es), or gain report(s) as to my own standing.  Alledged[sic] victim answered that "she did not know Def. – Appel. – Petitioner."  Cuyahoga County Prosecutor offered jury an explanation of mental trauma for this/her memory lapse without proof; passing theory off as a fact.

**GROUND FOUR:** Violation of due process; Discrimination@ Cruel and Unusual Punishment; Illegal/Unlawfull[sic] Prosecution . . .

> **Supporting Facts:** My attorney, the prosecutor, the trial judge all know of me as being on the mental health caseload and completely took advantage of that fact by using extreme tactic(s) to try and break me down and take a plea deal, or do something that would further expand my already perilous situation.

---

Petition herein did not arrive at the Court for filing until November 29, 2017, Wilson states he placed it in the prison mailing system on November 20, 2017.  (Doc. No. 1 at 20.)  Thus, the Court will consider the Petition as filed on November 20, 2017.

> 1. Got up early mornings and kept all day in room(s) with no drinking water.
> 2. Left in small room(s) all day long 8:am to 5:pm with no food/water.
> 3. Using official prosition(s)[sic] in an illegal manner/ to gain advantage(s).
> 4. Ignoring fact(s), or lack there-of because of the nature of the offense(s).
> 5. Allowed court ordered judicial instruction(s) of my criminal history to be heard by jury.

(Doc. 1.)

On March 5, 2018, Warden Coleman ("Respondent") filed his Return of Writ.  (Doc. No. 7.)  Wilson filed a Traverse on June 4, 2018.  (Doc. No. 14.)

### III.  Exhaustion and Procedural Default

**A.      Grounds Two, Three, & Four**

Respondent argues Grounds, Two, Three, and Four of the Petition are procedurally defaulted.  (Doc. No. 7 at 17.)  Respondent asserts that while these claims were all raised in Wilson's second petition for post-conviction relief, "Wilson defaulted the claims by failing to file an appeal" to the state appellate court.  (*Id*.)  Respondent also argues "this was not the first opportunity to raise" these claims.  (*Id*.)  Respondent maintains Wilson is unable to establish cause, prejudice, or miscarriage of justice to avoid procedural default.  (*Id*. at 18.)

Wilson contends since the state trial court did not provide findings of fact and conclusions of law when denying his second petition for post-conviction relief, he did not have a "final appealable order" upon which to appeal this petition.  (Doc. No. 14 at 4.)

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th

10

Cir.1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[2] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted.

---

[2] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

*Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6ᵗʰ Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")  This second type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition."  *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id.*  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court.  To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law."  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms

sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.*  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different.  *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice."  *See Coleman v. Thompson*, 501 U.S. 722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)  Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

13

critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

With these principles in mind, the Court finds Grounds Two, Three, and Four[3] of Wilson's federal habeas petition are procedurally defaulted. Wilson did not raise any of these claims on direct[4] appeal. (*See* Doc. No. 7-1, Exh. 13, Doc. Nos.1, 14.) It was not until Wilson's February 28, 2017 *pro se* Petition to Vacate or Set Aside Judgment of Conviction or Sentence in which he raised these arguments with the state trial court. (Doc. No. 7-1, Exh. 24.) However, this Petition was not timely. Pursuant to O.R.C. §2953.21(A)(2), Wilson was required to file his

---

[3]     These grounds are as follows: (1) Ground Two asserts Double Jeopardy violations due to Wilson being "arrested, imprisoned, charged, indicted, and released" on multiple occasions for the same acts (Doc. No. 14 at 14-15); (2) Ground Three raises Due Process/Compulsory Process/Confrontation Clause violations due to the prosecutor's comments regarding a witness's inability to identify him at trial (*Id.* at 16-17); and (3) Ground Four raises two different arguments – a B.C.I. agent's testimony inappropriately referenced his criminal history and the court, the prosecutor and his own attorney "took advantage" of his mental health issues "to try and break him down." (Doc. No. 1 at 15, Doc. No. 14 at 18.)

[4]     On direct appeal, Wilson raised the following assignments of error:

I.      The trail court erred in imposing a sentence under the statutory sentencing scheme in effect at the time of the offense in 1993.

II.     The trial court erred by denying Appellee Cross-Appellant's Motion to Sever Trial of Offense the Offenses Charged.

III.    The trial court erred by not dismissing cross-appellant's Motion to Dismiss his Indictment for Pre-Indictment Delay.

(Doc. No. 7-1, Exh. 13.)

14

motion for post-conviction relief within 365 days of the date upon which the trial transcript was filed in the state appellate court.  The docket reviews the trial transcripts were filed with the state appellate court on May 27, 2015.  (Doc. No. 7-1, Exh. 32.).  Wilson thereafter had until May 27, 2016 to file his petition for post-conviction relief, making his February 28, 2017 post conviction petition late.  On June 21, 2017, the state trial court denied Wilson's petition, stating only that the Petition was denied.  (Doc. No. 7-1, Exh. 27.)  Wilson did not appeal this denial.

The Court finds Wilson's failure to timely file his second post-conviction petition resulted in procedural default.  The time for Wilson to timely seek relief in a post-conviction filing had long passed when he initially raised the arguments contained in Grounds Two, Three, and Four.  Ohio's timeliness requirements in post-conviction proceedings constitute an independent and adequate state ground for declining to review the merits of a petitioner's claims and finding procedural default.  *Townsend v. Gansheimer*, 2009 WL 589332, * 7 (N.D.Ohio Mar. 9, 2009); *Wolff v. Tibbles*, 2014 WL 2694227 at * 14 (N.D. Ohio June 13, 2014); *Brown v. Clipper*, 2016 WL 5173331, *23 (N.D. Ohio Sept. 21, 2016).

Wilson argues he was not able to appeal the state trial court's denial of his Petition because it did not contain findings of fact and conclusions of law.  (Doc. No. 14 at 4.)  He asserts the state trial court's order left him "without lawful remedy to proceed into Court of Appeal(s)." (*Id*.)  Under Ohio law,  when a trial court dismisses a timely post-conviction petition, the court must "make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."   O.R.C. § 2953.21(G) (2015), *amended by* O.R.C. §2953.21(D)(2017). However, when a post-conviction petition is untimely, the state trial court "need not issue findings of fact and conclusions of law when it dismisses an untimely petition."  *State ex rel.*

15

*Kimbrough v. Greene*, 781 N.E.2d 155, 156 (Ohio 2002).  *See also State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 265 (Ohio 2016).  Here, Wilson's February 28, 2017 post-conviction filing was untimely.  Thus, the state trial court was not required to issue findings of fact and conclusions of law.

The Court acknowledges the state trial court's June 21, 2017 decision did not indicate whether the denial of Wilson's petition was due to untimeliness, *res judicata*, the merits, or some other reason.  However, because "Ohio trial courts are excused from filing findings of fact and conclusions of law" this implies the "petition was dismissed as untimely."  *Hilliard v. Bracy*, 2018 WL 7200439, *10 (N.D. Ohio Nov. 26, 2018), *report and recommendation adopted*, 2019 WL 425970 (N.D. Ohio Feb. 4, 2019).  *See also Harrington v. Ritchter*, 562 U.S. 86, 99 (2011)(indicating that "state procedural principles" may rebut the ordinary presumption that a claim was denied on the merits).  Further, Wilson did not present these claims on direct appeal, in a timely post-conviction petition, or an appeal of the denial of his untimely post-conviction petition.  The Court is not aware of any other state court remedy which continues to be available[5] for Wilson to raise Grounds Two, Three, and Four of his federal habeas petition.  Thus, the Court finds these grounds to be procedurally defaulted.

    a.    **Cause and Prejudice**

Wilson may nevertheless obtain a merits review of this claim if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren*, 440 F.3d at 763.  Wilson asserts he was

---

[5]    Indeed, an unsuccessful post-conviction petitioner must appeal within 30 days of judgment. Ohio R. App. P. 4(A)(1), (B)(2)(D). There are no delayed appeals in a post-conviction context. *State v. Harvey*, 428 N.E.2d 437, 438 (Ohio Ct. App. 1980).

unable to appeal the denial of his post-conviction petition because the trial court did not provide its reasons for denying the petition.  (Doc. No. 14 at 4.)  However, this argument does not provide any explanation as to why Wilson did not raise these grounds for relief in a timely petition for post-conviction relief or upon direct appeal.  Indeed, he did not raise these arguments until February 2017, nearly two years after his conviction and a nearly a year after the state appellate court affirmed his conviction on direct appeal.  State trial courts in Ohio have jurisdiction to hear timely filed petitions for post-conviction relief while direct appeals are pending.  *See* O.R.C. § 2953.21(D) ("The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending.)  *See also Morgan v. Eads*, 104 Ohio St.3d 142, 145, 818 N.E.2d 1157, 1160 (Ohio 2004) ("Trial courts routinely consider petitions for postconviction relief even while an appeal from the conviction is pending either in the court of appeals or in this court.").  As discussed *supra*, while the state trial court did not provide any findings of fact or conclusions or law, it was not required to do so.  Thus, the lack of explanation contained in the state trial court's June 2017 order cannot serve as cause to excuse the default of these particular habeas claims.

As Wilson is unable to establish cause to excuse his procedural default, the Court declines to address the issue of prejudice.  *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir.2000) ("When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice."); *Group v. Robinson*, 158 F.Supp.3d 632, 651 (N.D. Ohio Jan. 20, 2016).

Accordingly, and for all the reasons set forth above, the Court finds Wilson has failed to establish cause and prejudice to excuse the procedural default of Grounds Two, Three, and Four.

### b. Actual Innocence

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (citing *Carrier*, 477 U.S. at 495–96); *see also Schlup*, 513 U.S. at 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To be credible, such a claim requires the petitioner to support his allegations of constitutional error with new and reliable evidence that was not presented at trial. *Schlup*, 513 U.S. at 324; *see also Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 427 (6th Cir. 2003).

Wilson has not provide any argument in which to establish actual innocence. He does not point to any new, reliable evidence of his innocence which was not presented at trial. Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316.

Accordingly, and in light of the above, it is recommended Grounds Two, Three, and Four of Wilson's habeas petition be DISMISSED as procedurally defaulted.

## B. Ground One

In his first ground for relief, Wilson argues the state trial court violated his due process and speedy trial rights. (Doc. No. 1 at 6.) In support of this ground for relief, Wilson references the "Notice of Availabilities" and "Request by a prisoner for trial" he submitted prior to his

October 9, 2014 indictment.  (*Id*.)  (*See also* Doc. No. 14-6, 14-7, 14-8.)

Respondent argues Ground One of Wilson's petition is procedurally defaulted.  (Doc. No. 7 at 13.)  Respondent asserts this claim is procedurally defaulted because Wilson "failed to file a motion for preindictment delay prior to trial" and the "state appellate court recognized the default and only reviewed the claim for plain error."  (*Id.* at 14.)  Respondent contends Wilson "compounded his default by failing to file a timely appeal with the Supreme Court of Ohio."  (*Id.* at 15.)  Respondent maintains Wilson cannot establish cause, prejudice, or actual innocence to excuse this default.  (*Id*. at 16, 17.)

Wilson asserts he attempted the address the issue of preindictment delay to the state trial court "after the jury was empaneled, but, before they were led into the courtroom for the start of the trial."  (Doc. No. 14 at 9.)  He contends the trial court "abruptly cut him off when he tried to exercise due diligence in bringing to the trial court's attention this Constitutional Violation."  (*Id.* at 10.)

On direct appeal, Wilson raised an argument regarding preindictment delay to the state appellate court.  (Doc. No. 7-1, Exh. 13.)  In its decision, the state appellate court found Wilson had waived this argument at the trial level and conducted a "plain error" review of the issue:

> {¶ 60} Wilson argues that the trial court erred by not dismissing Counts 4, 5, 6, 10, and 11 based on preindictment delay.
>
> {¶ 61} We initially note that Wilson neither filed a motion to dismiss for preindictment delay, raised the issue of preindictment delay, nor asserted a violation of his due process rights in the trial court. Thus, as Wilson raises the issue of preindictment delay for the first time on appeal, we review for plain error. *See State v. Berry*, 10th Dist. Franklin No. 97AP–964, 1999 WL 437217 (June 29, 1999) (noting "[a] defendant must assert the issue of denial of a speedy trial at or prior to the commencement of trial or the issue is

19

waived on appeal"); *State v. Turner*, 168 Ohio App.3d 176, 2006-Ohio-3786, 858 N.E.2d 1249, ¶ 21 (5th Dist.) (noting "an appellant cannot raise a speedy trial issue for the first time on appeal"). Pursuant to the terms of Crim.R. 52(B), plain errors or defects that affect substantial rights may be grounds for reversal even though they were not brought to the attention of the trial court. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 62} The statute of limitations for a criminal offense is a defendant's primary protection against overly stale criminal charges. *United States v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Pursuant to R.C. 2901.13(A)(3), the statute of limitations for rape and kidnapping is 20 years. In the instant matter, Wilson was indicted within the 20–year statutory period.

{¶ 63} However, the Due Process Clause of the Fifth Amendment has been applied in some circumstances to provide additional protection against egregious delay in instituting prosecutions. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). As with all due processes claims, a claim of preindictment delay rests on "basic concepts of due process and fundamental justice." *State v. Jones*, 2015-Ohio-2853, 35 N.E.3d 606, ¶ 13 (8th Dist.).

{¶ 64} To establish that preindictment delay violated the Due Process Clause, a defendant must show (1) that the delay caused actual and substantial prejudice to his right to a fair trial, and (2) that the state delayed prosecution to gain a tactical advantage or slowed the process down for some other impermissible reason. *United States v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984), citing *Lovasco* at 789, 97 S.Ct. 2044; *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. In *State v. Whiting*, 84 Ohio St.3d 215, 702 N.E.2d 1199 (1998), the Ohio Supreme Court held that the second element of the test requires the state to produce evidence of a justifiable reason for the delay. *Id.* at 217, 702 N.E.2d 1199. Thereafter, the due process inquiry involves a balancing test by the court, weighing the reasons for the delay against the prejudice to the defendant, in light of the length of the delay. *State v. Walls,* 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51. Decisions to grant or deny a motion to dismiss for preindictment delay are reviewed for an abuse of discretion. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 33, citing *State v. Parson*, 6 Ohio St.3d 442, 453 N.E.2d 689 (1983).

{¶ 65} To show actual prejudice, a defendant must establish the "exculpatory value" of the alleged missing evidence. *State v. Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574, 2008 WL 4174867, ¶ 45. This requires a showing of how unavailable evidence or testimony would have proven an asserted defense. *State v. Robinson*, 6th Dist. Lucas No. L–06–1182, 2008-Ohio-3498, 2008 WL 2700002, ¶ 121. Prejudice may be established where the defendant contends that the delay resulted in the loss of witness testimony, lost memory, or spoiled or destroyed evidence. *State v. Doksa*, 113 Ohio App.3d 277, 281, 680 N.E.2d 1043 (8th Dist.1996). Courts have consistently held that proof of actual prejudice must be " 'specific, particularized, and non-speculative.' " *State v. McFeeture*, 2014-Ohio-5271, 24 N.E.3d 724, ¶ 120 (8th Dist.), quoting *State v. Stricker*, 10th Dist. Franklin No. 03AP–746, 2004-Ohio-3557, 2004 WL 1488730, ¶ 36.

{¶ 66} Wilson cites *Jones*, 2015-Ohio-2853, 35 N.E.3d 606 (8th Dist.) (en banc), to support his argument that Counts 4, 5, 6, 10, and 11 should be dismissed based on preindictment delay. In *Jones*, the defendant was charged with rape and kidnapping in 2013 from an incident allegedly occurring in 1993. *Id.* at ¶ 3. The victim told the police that she and Jones went to his mother's house and got into a violent argument, during which Jones took her into a bedroom and raped her. *Id.* at ¶ 4. The victim reported the crime to the police, identified Jones by name, and submitted to rape kit testing. The police took the victim's clothing and obtained the 911 call reporting the alleged rape. Jones claimed that the police interviewed him and he told them that he and the victim engaged in consensual sexual conduct. However, the police claimed that they were unable to locate the victim for a subsequent follow-up, so they shelved the rape kit and closed the case until such time as the victim came forward. When the police finally tested the rape kit and received positive results for Jones's DNA, they waited more than a year to reopen the case, and indicted him on the last day of the 20–year limitations period.

{¶ 67} Jones filed a motion to dismiss the indictment, claiming that the 20–year delay caused him actual prejudice in offering a defense that the victim consented to sexual conduct. As proof of actual prejudice, he claimed an inability to offer evidence from his mother, by then deceased, who was in the house at the time of the alleged rape and would have corroborated his assertion that he and the victim were in a relationship and that there was no violent fight as described by the victim. Furthermore, Jones argued that the clothing that the victim wore on the night of the alleged rape had been destroyed, denying him the opportunity to examine it and undermine her claim that she and Jones engaged in a violent fight. The trial court granted Jones's motion to dismiss based on preindictment delay, finding that (1) the mother's death, the loss of physical evidence, and the certainty of diminishing

21

memories, constituted actual prejudice, and (2) the state offered no justification or satisfactory reason for the delay.

{¶ 68} Jones prompted this court's *en banc* consideration of "the standard for demonstrating actual prejudice" in rape cases filed on the eve of the 20–year statute of limitations after rape kits were finally submitted for testing. *Id.* at ¶ 13. This court stated that we would evaluate claims of actual prejudice "in terms of basic concepts of due process and fundamental justice." *Id.* at ¶ 47. This court found that the trial court did not abuse its discretion by concluding that Jones established actual prejudice from the preindictment delay:

> in this case, where the identity of the defendant as the accused perpetrator was known from the beginning, where the state barely investigated the case and closed it within one week of the start of its investigation, and where no further investigation or technological advances occurred in the time between the initial investigation and the indictment, we evaluate Jones's claim of actual prejudice in terms of basic concepts of due process and fundamental justice.
> In so evaluating his claim, we find that he suffered actual prejudice in the near 20–year delay in prosecuting him. This is the type of case the Ohio Supreme Court warned of in *Walls,* 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, where the state "simply fails, or refuses, to take action for a substantial period." *Id.* at ¶ 56.

*Id.* at ¶ 47–48.

{¶ 69} After reviewing the record, we find that the facts of the instant matter, unlike Jones, do not warrant the conclusion that the court committed plain error by allowing the state to proceed to trial on Counts 4, 5, 6, 10, and 11.

{¶ 70} First, regarding actual prejudice, Wilson emphasizes that at the time of trial, the offenses charged in Counts 4, 5, and 6 were nearly 20 years old, and the offenses charged in Counts 10 and 11 were more than 17 years old. However, aside from the passage of time, Wilson fails to identify any evidence or potential witnesses that would have helped him prove his innocence had the trial occurred sooner. Notably, Wilson fails to provide concrete proof of (1) any physical evidence that has exculpatory value, (2) any potential witness who can no longer testify, or (3) a witness's faded memory or recollection of the events that would have affected the preparation of his defense or changed the outcome at trial. *See State v. Clemons*, 2013-Ohio-5131, 2 N.E.3d 930, ¶ 17 (8th Dist.). We have consistently held that speculation does not show actual prejudice. *Thomas*, 8th Dist. Cuyahoga No. 101202, 2015-Ohio-415, 2015 WL 477228, at ¶ 11; *McFeeture*, 2014-Ohio-5271, 24 N.E.3d 724, at ¶ 120. By merely speculating

22

that he was prejudiced by the passage of time between the 1995 and 1997 offenses and the 2014 indictment, Wilson has failed to demonstrate that he suffered actual prejudice from the delay in bringing this prosecution. Thus, we cannot say that the trial court committed plain error for allowing the state to try Wilson on Counts 4, 5, 6, 10, and 11.

{¶ 71} As Wilson failed to present evidence of substantial prejudice, the state has no burden of producing evidence of a justifiable reason for the delay in prosecution. *Walls,* 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, at ¶ 51; *see Clemons* at ¶ 22. Nevertheless, for the reasons that follow, we find that the state's delay in prosecution was justifiable.

{¶ 72} Second, regarding the delay in prosecution, Wilson argues that Counts 4, 5, 6, 10, and 11 should be dismissed because although the police knew his identity around the time of the attacks, the police and the state "engaged in a minimal investigation" and did nothing between the time of the initial investigations and his indictment 15–20 years later. Regarding the case involving Victim 2, the prosecutor stated that Wilson was arrested within 5 days of the incident, but "[Wilson] was released and the case did not go forward." Wilson argues that the police did nothing to further investigate the matter involving Victim 2 for the next 15 years until submitting the evidence and rape kit to the Bureau of Criminal Investigation ("BCI") and receiving a DNA match in CODIS. Furthermore, regarding the case involving Victim 3, the prosecutor stated that Wilson was indicted for the attack in 2006, but the case was dismissed when she failed to appear in court. Wilson argues that although the police knew his identity, the evidence regarding Victim 3's attack "sat dormant for years and years."

{¶ 73} The state argues that the delay in prosecution was justifiable and not an effort to gain a tactical advantage. Regarding the case involving Victim 2, the state contends that Wilson was never indicted for the attack before the 2014 indictment in the instant matter. Regarding the case involving Victim 3, the state contends that the 2006 case was dismissed when the victim failed to appear in court for trial. Furthermore, the state argues that it did not cease actively investigating the case based on negligence or an error in judgment. The state emphasizes that the DNA evidence linking Wilson to the four attacks is new evidence that was not available at the time of the initial investigations.

{¶ 74} In *Luck,* 15 Ohio St.3d 150, 472 N.E.2d 1097, the Ohio Supreme Court addressed unjustifiable delays in prosecution:

> a delay in the commencement of prosecution can be found to be
> unjustifiable when the state's reason for the delay is to intentionally

23

> gain a tactical advantage over the defendant, *see United States v. Marion, supra*, or when the state, through negligence of error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased.

(Emphasis added.) *Id.* at 158, 472 N.E.2d 1097.

{¶ 75} After review, when balancing the alleged prejudicial delay in this case against the state's justifiable reason for the delay, we conclude that Wilson's due process rights were not violated. Furthermore, we cannot say that the state's delay in prosecuting Wilson was egregious, intended to gain a tactical advantage over Wilson, or the result of negligence of error in judgment. The DNA evidence linking Wilson to the four attacks was new evidence justifying the delayed indictment. *See State v. Bell*, 8th Dist. Cuyahoga No. 102141, 2015-Ohio-4178, 2015 WL 5854368, ¶ 47 (defendant's DNA evidence found on a swab taken from the victim's vagina was new evidence justifying the delayed indictment). Thus, we find that the state's delay in prosecuting Wilson was justified.

{¶ 76} As Wilson failed to demonstrate that he suffered actual prejudice from the delay in prosecution, and the state's delay in prosecution was justified, we cannot say that the trial court committed plain error by allowing the state to prosecute Wilson on Counts 4, 5, 6, 10, and 11. Dismissal on the basis of preindictment delay was not warranted. Accordingly, the second assignment of error raised by Wilson on cross-appeal is overruled.

*Wilson*, 51 N.E.3d at 689-693.

In Ohio, a petitioner waives an alleged error when he fails to make a contemporaneous objection.  *Osborne v. Ohio*, 495 U.S. 103, 124, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (recognizing Ohio's long-standing contemporaneous objection rule).  The Sixth Circuit has held that Ohio's "contemporaneous objection rule is an adequate and independent state ground barring federal habeas review, *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir.2005), and that plain-error review is not inconsistent with the procedural default."  *Awkal v. Mitchell*, 613 F.3d 629, 648–649 (6th Cir.2010) (citing *Lundgren*, 440 F.3d at 765); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir.2001).  "The state court's plain error review did not constitute a waiver of the procedural

24

default." *Mason v. Brunsman*, 483 Fed. Appx. 122, 130–31 (6th Cir.2012). *See also Shafer v. Wilson*, 364 Fed. Appx. 940, 945 (6th Cir.2010) (finding the State of Ohio expressly enforced its contemporaneous objection rule where "the last state court to render a reasoned opinion in this case, the Ohio Court of Appeals on direct appeal, noted the failure to object, applied plain-error review, and denied [appellant's] claims for relief.")

Here, as the state appellate court correctly noted, Wilson did not file a motion to dismiss for preindictment delay in the state trial court. Accordingly, the first three elements of *Maupin* test are satisfied as Wilson failed to comply with the contemporaneous objection rule, the state appellate court actually enforced the rule, and the rule constitutes an "independent and adequate" state ground on which the state can foreclose federal review.

Wilson argues he raised this issue to the state trial court, but was "abruptly cut [] off" when he attempted to assert his due process and speedy trial rights. (Doc. No. 14 at 9-10.) A review of the state trial court transcript reveals Wilson, without the assistance of counsel, requested the state trial court "dismiss all these charges against [him] for violation of speedy trial and due process" prior to the jury being empaneled. (Doc. No. 8 at Tr. 16.) The state trail court explained to Wilson he could not make a motion on his own behalf while he had counsel representing him. (*Id.* at Tr.18.) The state trial court also explained if Wilson "did not file a motion with this Court, then there is no motion." (*Id.*) The state trial court also concluded "the speedy trial statute[6] has not been violated." (*Id.* at Tr.19.)

---

[6]     The Court acknowledges Wilson filed a *pro se* Petition to Vacate or Set Aside Judgment of Conviction or Sentence with the state trial court on August 20, 2015. (Doc. No. 7-1, Exh. 22.) Within this Petition, Wilson attempted to refashion his pre-indictment delay claim, arguing the state trial court violated O.R.C § 2941.401, a provision contained in Ohio's speedy trial statute. (*Id.*) Wilson raised a similar

Assuming, *arguendo*, Wilson's discourse with the state trial court constituted him raising a speedy trial claim, this ground for relief would still be procedurally defaulted.  Indeed, Wilson attempted[7] to obtain a delayed appeal with the Supreme Court of Ohio, which the Supreme Court

argument in his state habeas corpus action, which was denied by the Lucas County Court of Common Pleas on May 24, 2018.  (Doc. No. 7-1, Exh. 29; Lucas County Case No. G-4801-CI-201705213-000, Docket Entry dated May 24, 2018).

As an initial matter, Wilson did not raise any arguments regarding this statute in his Petition, but does reference O.R.C § 2941.401 in his Traverse.  (Doc. No. 1 at 6; Doc. No. 14 at 8.)  O.R.C § 2941.401 generally provides when a person who is serving a term of imprisonment in an Ohio facility has a pending indictment against him in state court, he must be brought to trial on those untried charges within 180 days of a proper written request for their early disposition.  *See* O.R.C § 2941.401. To the extent this is even a different argument from which was raised on direct appeal, it is not cognizable under federal habeas review.  *See Krause v Timmerman-Cooper*, 2014 WL 1408050, *3-4 (S.D. Ohio Apr. 11, 2014)("Finally, the question of what Ohio Revised Code §2941.401 means as applied to Krause's situation is a question of Ohio law."), *report and recommendation adopted*, 2014 WL 4101299 (S.D. Ohio Aug. 18, 2014); *Tisdale v. Eberlin*, 2010 WL 455279, *6 (N.D. Ohio Feb. 3, 2010)("Ground two, alleging that Tisdale was denied his right to speedy trial under Ohio Revised Code §2941.401, should be dismissed as non-cognizable in a federal habeas court proceeding.").

Moreover, Wilson was indicted on October 9, 2014 and was brought to trial on February 11, 2015, well within a 180-day time frame.  (Doc. No. 7-1, Exh. 1, Doc. No. 8 at Tr. 4.)  Wilson appears to be centering his preindictment delay/speedy trial claim on a "Notice of Availability" he issued on June 29, 2006.  (Doc. No. 14 at 8, Doc. No. 14-8 at 1.)  However, at that time, he had no pending indictment against him.  As Wilson concedes, the prior indictment had already been dismissed by the time he filed a "Notice of Availability."  (Doc. No. 7-1, Exh. 24, 15.)

Regardless, the arguments Wilson raises in both his August 2015 post conviction petition and his state habeas action are simply a re-framing of the issue he raised on direct appeal: that the charges against him were not timely filed and brought to trial. These arguments were addressed and rejected by the state appellate court and Wilson did not timely file an appeal of this decision.  (*See* Doc. No. 7-1, Exh. 15, 20.)

---

[7]  Wilson did originally attempt to file his appeal prior to the deadline.  (Doc. No. 7-1, Exh. 19.)  However, in a letter dated June 14, 2016, the Deputy Clerk of the Ohio

denied.  (Doc. No. 7-1, Exh. 19, 20.)  This failure to timely file an appeal resulted in procedural

default.  The Sixth Circuit has held the Supreme Court of Ohio's unexplained entry denying a

motion for leave to file a delayed appeal constitutes an adequate and independent state

procedural ruling sufficient to bar review of a federal habeas corpus petition.  *Bonilla v. Hurley*,

370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see also Baker v. Bradshaw*, 495 Fed. App'x

560, 565 (6th Cir. 2012) ( "[t]his court has held that violation of ... the timeliness requirements

for an appeal to the Ohio Supreme Court ... constitute[s] adequate and independent state grounds

to preclude hearing an untimely claim on the merits").  Here, because Wilson did not timely

appeal to the Supreme Court of Ohio and his request to file a delayed appeal was denied, the

state's highest court never had the opportunity to consider the merits of Wilson's claims.  Thus,

the Court finds Wilson's First Ground for Relief is procedurally defaulted.

Federal courts will not consider the merits of procedurally defaulted claims, unless the

petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure

---

Supreme Court informed Wilson his mailed documents to the court were not being
filed and were being returned to him because he was not in compliance with Ohio
S.Ct. Prac. R. 3.04 or 3.06(A), by failing to provide either a $100 filing fee or
notarized affidavit of indigence. (*Id.*)  The form letter used by the Deputy Clerk to
return Wilson's papers is a "well-established and regularly-followed practice at the
time of Petitioner's procedural default for the clerk not to file, but rather to return,
documents submitted for filing by criminal defendants that failed to satisfy the
requirements for pleadings explicitly set forth in the court's procedural rules." *Smith
v. Jackson*, 2007 WL 2084840 at *8 (S.D.Ohio July 19, 2007).  Thus, the Deputy
Clerk's enforcement of the rule also constitutes an "adequate and independent"
ground upon which to foreclose federal habeas review. *Henson v. Hudson*, 2009 WL
2588927, *7 (N.D. Ohio Apr. 2, 2009)("Accordingly, the state procedural ground
relied upon by the deputy clerk in not opening a case, not filing Petitioner's timely
but insufficient documents, and returning these documents to Petitioner as
improperly filed, is an adequate and independent ground."), *report and
recommendation adopted*, 2009 WL 2567727 (Aug. 17, 2009).

to review the claim would result in a fundamental miscarriage of justice. *See Lundgren*, 440 F.3d at 763 (citing *Wainwright*, 433 U.S. at 87.) As noted above, "[d]emonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin*, 434 F.3d at 417 (quoting *Carrier*, 477 U.S. at 488. Here, Wilson has not presented any explanation for his failure to file a Motion to Dismiss for pre-indictment delay with the state trial court or timely file an appeal[8] with the Supreme Court of Ohio. Moreover, he has not raised any arguments his trial counsel was ineffective[9] in failing to file such a motion. In addition, Wilson has not presented a credible claim of actual innocence.

Accordingly, and for all the reasons set forth above, it is recommended Ground One be dismissed as procedurally defaulted.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date:  March 26, 2019                          *s/ Jonathan Greenberg*
                                               Jonathan D. Greenberg
                                               United States Magistrate Judge

---

[8]     Wilson cannot argue he failed to file a timely appeal due to the ineffective assistance of counsel because did not have the right to counsel in his discretionary appeal to the state supreme court. *Halbert v. Michigan*, 545 U.S. 605, 628 (2005). Thus, any ineffective assistance which may have prevented him from filing a timely appeal to the state supreme court cannot constitute cause to excuse the procedural default. *Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 425 (6th Cir.2003), *citing Coleman v. Thompson*, 501 U.S. 722, 752–53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

[9]     Even if Wilson could present this claim by re-framing the issue as a failure of appellate counsel to properly raise it on direct appeal, Wilson did not file a Rule 26(B) application, and the time to do so has now expired. The Ohio Supreme Court Rule of Practice 7.01(A)(4)(c) specifically does not permit delayed appeals in Rule 26(B) proceedings.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).